105 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeff D. PAIGE, individually and on behalf of others
similarly situated, Plaintiff-Appellee,
v.
STATE OF CALIFORNIA, Defendant-Appellant,
California Highway Patrol, Defendant-Appellant,
Business, Transportation & Housing Agency, of the State of
CA; Dwight Helmick, Commissioner of the Highway
Patrol; Edward Gomez, Defendants-Appellants.
 No. 95-56669.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1996.
Decided Dec. 20, 1996.
 
 Before: REINHARDT, KOZINSKI, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We briefly address the issues not resolved in the opinion filed concurrently with this disposition. We conclude that the district court did not abuse its discretion in certifying a class, and that the district court erred in granting partial summary judgment in favor of the plaintiffs. Because the preliminary injunction was premised on the summary judgment order, we also vacate the district court's grant of interim relief.
 
 Class Certification
 
 3
 In a footnote in its brief, the CHP contends that the district court failed to engage in the type of examination required by Federal Rule of Civil Procedure 23. The district court asked the parties to brief the issue of class certification,[1] but in its order it did not state why it found each element of the rule satisfied. While the district court should have stated the basis for its decision as to each element, the failure to do so is not dispositive in this case. The CHP does not allege that the plaintiff class fails to meet any of the requirements of Rule 23, nor does any ground for denial of class certification appear with any clarity from the record. Accordingly, we find no abuse of discretion in the district court's decision to certify the class. See Bouman v. Block, 940 F.2d 1211, 1232 (9th Cir.1991), cert. denied by Block v. Bouman, 502 U.S. 1005 (1991) (stating that a district court's decision to certify a class "will not be disturbed absent a showing of abuse of discretion"); Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1309 (9th Cir.1977) ("[W]e are obligated to defer to the District Court's decision absent a showing that the court abused its discretion.").
 
 Partial Summary Judgment
 
 4
 The plaintiffs contend, and the district court concluded, that in measuring the disparate impact of the CHP's promotional practices, the internal pool of non-white employees who were eligible for or who had applied for supervisory positions was not a proper group for comparison. Accordingly, instead of that internal pool, the plaintiffs, and the district court, employed an external pool (derived from census data) of persons qualified for supervisory law enforcement positions. The CHP contends that the district court improperly rejected the internal pool as a basis for comparison. On the basis of the record before us, we agree.
 
 
 5
 We have stated that in promotion cases, "[t]he best evidence of discriminatory impact is proof that an employment practice selects members of a protected class ... in a proportion smaller than in the actual pool of eligible employees." Moore v. Hughes Helicopters, Inc., 708 F.2d 475, 482 (9th Cir.1983). Disparate impact should not be measured against the actual pool of applicants, however, if "there is a characteristic of the challenged [employment practice] that makes the use of the actual pool of applicants or eligible employees inappropriate." Id. In such cases, "disparate impact may be established through reference to a reasonable proxy for the pool of individuals actually affected by the alleged discrimination." Id.
 
 
 6
 Here, the record does not establish that use of the internal pool was inappropriate. There was no evidence offered that the CHP discriminated in hiring, or of any employment practice that deterred non-white, non-supervisory employees from applying for promotion. Although the evidence in the record showed that the internal pool of non-white supervisory applicants was significantly smaller than would be expected, given the external pool of non-whites qualified for supervisory law enforcement positions, such disparity, in the absence of a practice that expressly or implicitly deters non-white officers from joining the CHP or applying for supervisory positions, see Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 651 n. 7 (1989), does not render the internal pool illegitimate. In view of the record before it, the district court erred in using an external proxy to determine whether the CHP's promotion practices had a disparate impact.
 
 
 7
 While ordinarily we may affirm a grant of summary judgment on any ground that appears in the record (and here we have the authority to determine whether the plaintiffs established disparate impact using the internal pool of applicants or eligible non-white employees), we choose not to do so here. The record as to issues relating to the internal pool is insufficiently developed to permit us to make a fully reasoned judgment that either side is entitled to prevail. Moreover, those issues were not adequately presented to us on appeal. Accordingly, we believe that consideration of whether, under the facts, disparate impact can be established by looking to the internal pool, is best left to the district court in the first instance. We have held that "an appellate court may, in the interests of sound judicial administration, vacate a summary judgment without reaching the merits of the issue if the record has not been sufficiently developed to allow for a fully informed decision." Tovar v. United States Postal Svc., 3 F.3d 1271, 1278 (9th Cir.1993); see Anderson v. Hodel, 899 F.2d 766, 770 (9th Cir.1990). There is even more reason not to reach the merits of a ground that has not only been presented to us inadequately but has not been considered by the district court at all.
 
 
 8
 A number of other issues are left unanswered by the record. We cannot say, for example, whether or not justification exists in fact for looking to the external pool. There are suggestions that there may be inhibiting factors that result in the internal pool of applicants being unrepresentative. However, intimations are just that. Only facts permit a court to issue orders. This case requires further careful consideration by the district judge.
 
 Preliminary Injunction
 
 9
 Because we reverse the grant of summary judgment in favor of the plaintiffs, and the preliminary injunction was premised on it, we vacate the preliminary injunction.
 
 CONCLUSION
 
 10
 For these reasons, we AFFIRM the decision to certify the class, REVERSE the grant of summary judgment in favor of the plaintiffs, VACATE the preliminary injunction, and REMAND for further proceedings not inconsistent with this memorandum disposition.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 According to the plaintiffs, the CHP made an attempt to decertify the class, which, after a hearing, was denied